IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Bednago Harper (#2011-1112058), | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 14 C 1984 |
| | ) | |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Thomas J. Dart, et | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The defendants' motion to dismiss [#42] is granted. The amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff is granted thirty days in which to submit a second amended complaint curing pleading deficiencies. The clerk is directed to provide the plaintiff with an amended complaint form, instructions, and two blank USM-285 forms along with a copy of this order. Failure of the plaintiff to comply within thirty days will result in summary dismissal of this case in its entirety.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that correctional officials and a physician at the jail violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied prompt and adequate care and treatment for an eye infection. The plaintiff additionally contends that the Cook County Sheriff has an "established policy and practice" of failing to provide prompt treatment to pretrial detainees with serious or potentially serious medical conditions. This matter is before the court for ruling on two defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is granted.

### Legal Standards

It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957));

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication ... of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## **Facts**

The plaintiff is a pretrial detainee at the Cook County Jail. Defendant Thomas Dart is the Sheriff of Cook County. Defendant Salim Dawalibi is a staff physician at the jail.[1]

The plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

The plaintiff was booked into the jail on November 12, 2011. On February 16, 2014, the plaintiff requested medical attention for a swollen and inflamed left eye. He was admitted to the dispensary, where a nurse [who is unidentified, and not named as a defendant] examined his eye

---

[1] The amended complaint names two additional defendants, but neither has joined the motion to dismiss. Defendant Greer waived service in August, *see* doc. 46, but has not yet answered or otherwise responded to the amended complaint. The U.S. Marshal filed an unexecuted return of service for defendant Keating. *See* doc. 17.

and said she could find nothing wrong. The nurse sent the plaintiff back to his housing unit without providing treatment.

After spending three days experiencing "persistent redness, swelling, and irritation of inflamed left eye," the plaintiff returned to the health care unit on February 19, 2014. Defendant Dawalibi examined the plaintiff and provided him with a topical ointment for dry eyes even though the plaintiff was not suffering from dry eyes. Rather, his eye was extremely red, visibly swollen, and discharging fluid.

Two days later, the plaintiff repeatedly asked defendant Keating for permission to go to the health care unit because his condition had deteriorated to the point that he was experiencing "intense burning pain" and his eye was still visibly red and swollen. Keating kept telling the plaintiff that he would "make a call," but the officer did not do so during his shift. The plaintiff was unable to seek help at the medical unit until he pleaded with another officer during the next shift. At that time, a different doctor properly diagnosed and treated the plaintiff for an infection. The plaintiff maintains that he has sustained a degree of permanent loss of vision, as well as lingering blurriness in his left eye, due to the five-day delay in receiving appropriate treatment.

The plaintiff avers that the Cook County Sheriff and jail superintendent have an established policy and practice of failing to provide prompt and acceptable medical care for inmates. The plaintiff bases this charge on a July 11, 2008, Department of Justice report. According to the plaintiff, the report states, in relevant part,

> Cook County Jail fails to provide adequate and timely care to pretrial detainees with serious or potentially serious medical conditions. CCJ's acute care services substantially depart from generally accepted correctional medical standards. We identified grossly inadequate acute care that led to prolonged suffering and premature deaths of pretrial detainees at CCJ. Acute care was so deficient that pretrial detainees suffered needlessly because medical staff failed to monitor acute conditions, and failed to timely and adequately diagnose and treat pretrial detainees and of which (sic) likely attributed to preventable deaths.

## Analysis

The amended complaint fails to state a tenable cause of action against either Sheriff Dart or Dr. Dawalibi. Accordingly, the defendants' motion to dismiss the amended complaint for failure to state a claim is granted. However, the plaintiff will be given the opportunity to submit a second amended complaint, assuming he believes he can correct the deficiencies discussed in this order.

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care...." *Id.*; *see also Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Likewise, the Due Process Clause prohibits deliberate indifference to the

serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001).

Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). In the case at bar, the plaintiff has not stated facts that satisfy the subjective prong.

The court will assume for purposes of the motion to dismiss that the plaintiff's condition was arguably "serious," for purposes of constitutional analysis. A medical need is objectively serious when "the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

Seventh Circuit cases "demonstrate a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Roe, supra*, 631 F.3d at 861). In view of the symptoms the plaintiff describes (his eye was allegedly red, swollen, inflamed, oozing fluid, and causing a painful, burning sensation), the court cannot conclude, on the basis of an undeveloped record, that the plaintiff had no serious medical need.

The plaintiff is not, as the defendants suggest, required to come forth with any evidence at all at this stage of the proceedings, let alone "compelling evidence." (*See* Defendants' Motion to Dismiss at p. 3.) The plaintiff need only provide "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). The facts alleged support an inference that the condition of the plaintiff's eye may have been "serious." *But see Horton v. Bartels*, No. 02 C 0740, 2003 U.S. Dist. LEXIS 24595 at *5 (W.D. Wis. Jul. 18, 2003) (citing *Gutierrez*, 111 F.3d at 1371) (questioning whether the plaintiff's eye infection was serious enough to implicate the Constitution before concluding that, regardless, the defendants had not acted with deliberate indifference).

However, the plaintiff has failed to set forth facts that plausibly satisfy the subjective component of the deliberate indifference test. To satisfy this prong, a plaintiff must allege that the defendant in question was aware of and consciously disregarded his medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04. Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *See, e.g., Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *see also King*, 680 F.3d at 1018 ("Negligence--even gross negligence--is insufficient to meet this standard"). "This subjective standard requires more than negligence and it approaches intentional wrongdoing."

*Holloway*, 700 F.3d at 1073. Nevertheless, deliberate indifference can be manifested by such actions as the refusal to provide effective treatment, *see Fields*, 653 F.3d at 556, erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards, *see Roe*, 631 F.3d at 857, or by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005).

The facts alleged do not plausibly suggest deliberate indifference to the plaintiff's eye infection. A nurse examined the plaintiff as soon as he requested medical attention, although she could find nothing wrong, and that nurse in any event is not named as a defendant in the case. Three days later, defendant Dawalibi provided him with eye drops or an ointment of some kind for dry eyes. Even though the salve or drops did not cure the problem, nothing in the amended complaint supports an inference that Dawalibi's approach was so far afield as to have risen to the level of a constitutional violation. Furthermore, the plaintiff saw Dawalibi only one time. Within two more days, another physician provided effective treatment. Whether the nurse and Dr. Dawalibi failed to properly diagnose the plaintiff's condition initially, the sequence of events (three visits to Cermak within a week) would seem to demonstrate that health care providers made good faith--and ultimately successful--efforts to provide treatment, and were not ignoring the plaintiff's medical needs. These allegations do not articulate a colorable *prima facie* case against Dr. Dawalibi.

The motion to dismiss is likewise granted with respect to defendant Dart. The plaintiff has alleged no facts demonstrating Dart's direct, personal involvement, as required by *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* at 833-34. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Because the plaintiff has failed to offer any facts indicating that Dart was personally involved in–or even aware of–the alleged circumstances giving rise to this lawsuit, he has no viable cause of action against Dart in his individual capacity.

Nor do the facts support an official capacity claim against Dart. A suit against the Cook County Sheriff in his official capacity is effectively a suit against the County. *Holloway*, 700 F.3d at 1071 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, (1978). "While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality 'when execution of a government's policy or custom ... inflicts the injury.'" *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008)). "A local government unit's unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a

person with final policymaking authority causing the loss." *Houskins*, 549 F.3d at 493 (quoting *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008)).

In his amended complaint, the plaintiff seemed to assert a cause of action against Dart on the basis of a 2008 Justice Department report. But a six-year-old report is insufficient to "raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff is required to articulate a "plausible" claim; that is, he must set forth "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Id*. at 556. The plaintiff makes no such showing; in fact, in his response to the motion to dismiss, he expressly disavows any intention to allege an official policy. Rather, he maintains that Dart and Greer are liable because "they are both responsible for the well-being and safety of detainees under their authority." However, as discussed in preceding paragraphs, such a theory of vicarious liability of supervisory officials does not apply to Section 1983 actions. Nothing in the amended complaint hints at a policy or practice on the part of the county to deny inmates needed medical care.

For all of the foregoing reasons, the defendants' motion to dismiss the amended complaint is granted. The amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff is granted thirty days in which to submit a second amended complaint curing pleading deficiencies. The clerk is directed to provide the plaintiff with an amended complaint form, instructions, and two blank USM-285 forms along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case in its entirety.


Date:   October 20, 2014                            /s/ John J. Tharp, Jr.
                                                    United States District Court Judge